IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TIMOTHY J. AUSTIN,

     Plaintiff,

v.                           CIVIL ACTION NO. 1:11-0892

MARVIN PLUMLEY, Warden,
Huttonsville Correctional Center,

     Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

     Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on December 4, 2012, in which he recommended that this court grant plaintiff's petition under 28 U.S.C. § 2254 and remove the matter from the court's docket.

     In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  On December 18, 2012, defendant

filed objections to the Magistrate Judge's Findings and
Recommendation.

## I.  Background

In April 2007, Austin was convicted of Breaking and
Entering in the Circuit Court of Wood County, West Virginia.  As
a result of that conviction, he was sentenced to serve no less
than one (1) nor more than fifteen (15) years in the
penitentiary.  While serving his sentence for Breaking and
Entering, Austin walked away from a road crew and was gone for
two and a half days.  By indictment dated June 16, 2009, in the
Circuit Court of McDowell County, he was charged with Jail or
Prison Escape, in violation of West Virginia Code § 61-5-10.
Defendant's Exhibit No. 1.  On September 24, 2009, Austin pled
guilty to Attempted Jail or Prison Escape, a lesser included
offense.  Defendant's Exhibits No. 2 and 3.

At sentencing on the Attempted Escape conviction, Austin
was sentenced to "an indeterminate period of not less than one
(1) year nor more than three (3) years at an appropriate
correctional facility designated by said Commissioner and no
fine.  It is further ORDERED that the defendant serve this
sentence beginning March 2010.  The defendant's credit for time
served shall be determined by the West Virginia Division of
Corrections."  Defendant's Exhibit No. 4.  The record reflects
that the sentencing judge deferred Austin's sentence in order to

2

delay the parole eligibility date for his first conviction.  <u>See</u> <u>id.</u>

On August 31, 2010, Austin filed an expedited motion to correct an illegal sentence under West Virginia Rule of Criminal Procedure 35(a).  Defendant's Exhibit No. 5.  Austin argued that, by delaying his effective sentencing date on the second conviction from November 2009 to March 2010, the trial court was illegally extending his parole eligibility date.  Austin further argued that the sentencing judge intended to run his sentence on the Attempted Escape concurrent with his term of imprisonment on the Breaking and Entering conviction.  <u>See</u> <u>id.</u>  On October 19, 2010, while the motion to correct remained pending, Austin filed a petition for writ of mandamus and for production of documents with the West Virginia Supreme Court of Appeals.  Defendant's Exhibit No. 6.  The mandamus petition sought to have the West Virginia Supreme Court of Appeals direct the lower court to rule on the pending Rule 35 motion.  <u>See</u> <u>id.</u>

Thereafter, on October 22, 2010, the trial court issued an Amended Sentencing Order which it stated was intended to clarify its original sentencing order.  That order read:

> On the 18th of October, 2010, the undersigned Judge received a copy of a Writ of Mandamus or in the alternative Original Petition for Writ of Habeas Corpus.  The Court also received a proposed Amended Sentencing Order.  After reviewing this matter, it is clear to this Court that an Amended Scheduling Order is needed

to clarify the original Sentencing Order entered
on November 23, 2009, but not the submitted
Sentencing Order.  It was the intent of this
sentencing court that the sentence imposed on
November 12, 2009 be served consecutively with
the unrelated sentence the defendant was already
serving on November 12, 2009.  It was the intent
of the sentencing court to give the defendant
credit for time served from his arraignment to
the date of sentencing and that the balance of
his sentence be served consecutively to the
sentence he is already serving on an unrelated
matter.

It is, therefore, ORDERED that the
defendant, Timothy Jared Austin, be sentenced to
the custody of the Commissioner of the West
Virginia Division of Corrections for an
indeterminate term of not less than one (1) nor
more than three (3) years at an appropriate
correctional facility designated by said
Commissioner and no fine is imposed.

It is further ORDERED that the defendant's
sentence run consecutively with the unrelated
sentence he was already serving on November 12,
2009, and that the defendant receive credit for
time served from the date of his arraignment in
this case until the date of his sentencing,
November 12, 2009.

Defendant's Exhibit No. 7.

On December 30, 2010, Austin appealed the court's order
of October 22, 2010 to the West Virginia Supreme Court of
Appeals.  The West Virginia Supreme Court denied Austin's appeal
on October 25, 2011.  In so doing, that court stated:

It is clear from the amended sentencing
order that some confusion arose from the language
of the original sentencing order.  In clarifying
its intention, the circuit court stated in the
amended sentencing order that "[i]t was the
intent of the sentencing court that the sentence
imposed on November 12, 2009 be served

4

consecutively with the unrelated sentence that
the [petitioner] was already serving on November
12, 2009.  The circuit court went on to add that
it intended to give petitioner credit for the
time he served on the attempted escape charge
from his arraignment to the date of sentencing,
and that the balance would then be served
consecutively to this other unrelated sentence.
It is from the resulting confusion that
petitioner finds the basis for his argument that
his sentence was impermissibly increased by
thirty-three months upon entry of the amended
sentencing order.  However, this Court finds no
merit in petitioner's argument.  Had the circuit
court originally intended for these two sentences
to run concurrently, it is hard to imagine how
the subsequent sentence would have punished the
petitioner or served to deter him from future
escapes.  It is clear from the record that the
circuit court intended for the sentences to run
consecutively, and that the sentence was not
impermissibly increased.  As such, the
petitioner's due process rights were not violated
by entry of the amended sentence order.

Defendant's Exhibit No. 9.

## II.  Analysis

A federal court will grant habeas relief with respect to
a claim adjudicated on the merits in state court proceedings only
where such adjudication "resulted in a decision that was contrary
to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of
the United States" or "resulted in a decision that was based on
an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding."  28 U.S.C. §
2254(d)(1) and (2).  A state court decision is contrary to

clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision unreasonably applies clearly established federal law if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  See id. at 407-08.  State court factual findings are accorded a presumption of correctness that can be rebutted only by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

Our appeals court recently explained the great deference a federal court must give a state court's findings when confronted with a habeas petition filed pursuant to 28 U.S.C. § 2254:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 104, 28 U.S.C. § 2254 (2006), provides two "independent requirements" for federal court review of state court factual findings in habeas petitions. Miller-El v. Cockrell, 537 U.S. 322, 341, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).  Under § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  And, under §

6

2254(e)(1), "a determination of a factual issue
made by a State court shall be presumed to be
correct," unless the petitioner satisfies his
"burden of rebutting the presumption of
correctness by clear and convincing evidence."
The two provisions, operating in tandem, require
that "[t]o secure habeas relief, petitioner must
demonstrate that a state court's finding . . .
was incorrect by clear and convincing evidence,
and that the corresponding factual determination
was 'objectively unreasonable' in light of the
record before the court." <u>Miller-El</u>, 537 U.S. at
348, 123 S. Ct. 1029.

* * *

As the Supreme Court has explained,
although "[t]he term 'unreasonable' is no doubt
difficult to define . . . [i]t suffices to say .
. . that a state-court factual determination is
not unreasonable merely because the federal
habeas court would have reached a different
conclusion in the first instance." <u>Wood v.
Allen</u>, 558 U.S. 290, 130 S. Ct. 841, 849, 175
L.Ed.2d 738 (2010) (internal quotation marks
omitted). Rather, "even if reasonable minds
reviewing the record might disagree about the
finding in question, on habeas review that does
not suffice to supersede the trial court's . . .
determination." <u>Id.</u> (internal quotation marks
omitted).

<u>Merzbacher v. Shearin</u>, 706 F.3d 356, 363-64 (4th Cir. 2013); <u>see
also</u> <u>Sumner v. Mata</u>, 455 U.S. 591, 597-98 (1982) (factual

findings of state court accorded "high measure of deference");

<u>McPherson v. Woods</u>, Nos. 11-2010, 11-2048, 2012 WL 5870315, *6

(6th Cir. Nov. 21, 2012) ("Section 2254(d), as amended by AEDPA,

is a purposefully demanding standard")(internal quotations

omitted). "This deference requires that a federal habeas court

more than simply disagree with the state court before rejecting

7

its factual determinations.  Instead, it must conclude that the state court's findings lacked even fair support in the record." Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (internal citations and quotations omitted).  This "highly deferential standard . . . demands that state-court decisions be given the benefit of the doubt.").  Cullen v. Pinholser, 131 S. Ct. 1388, 1398 (2011).

In his PF&R, the magistrate judge found that Austin had rebutted the presumption of correctness afforded to the state court by clear and convincing evidence.  See PF&R at p.13. Defendant objects to Magistrate Judge VanDervort's finding on this point, arguing that the magistrate judge failed to apply the appropriate standard of review to the state court's decision.

It is fair to say that the record contains conflicting evidence as to the trial court's intentions with respect to Austin's sentence and is susceptible to several different interpretations.  One of those possible interpretations – that the trial court intended for Austin's sentence on the Attempted Escape to run consecutive to his undischarged term of imprisonment – "is fairly and adequately supported by the record, and is therefore entitled to section 2254's presumption of correctness."  Lenz v. Washington, 444 F.3d 295, 299 (4th Cir. 2006)("The federal habeas statute dictates a highly deferential standard for evaluating state-court rulings, which demands that

state-court decisions be given the benefit of the doubt. The required deference encompasses both the state court's legal conclusions and its factual findings."); Stoker v. Scott, 101 F.3d 701, 1996 WL 661639, *7 (5th Cir. Oct. 25, 1999) ("Mere disagreement with a state court finding does not entitle a federal court to overturn it.") (unpublished) (internal citations omitted); see also Drayton v. Moore, 168 F.3d 481, 1999 WL 10073, *5 (4th Cir. Jan. 12, 1999) (holding that habeas petitioner did not overcome statutory presumption of correctness applicable to trial court's factual findings even though evidence on disputed issue was "conflicting and, in some instances, confusing") (unpublished). Furthermore, because of the conflicting evidence on this issue, Austin cannot overcome this presumption of correctness by clear and convincing evidence. See Merzbacher, 706 F.3d at 368 (finding that state court's findings did not "rest on thin air" because there was "some evidence" supporting those findings and, therefore, were not rebutted by clear and convincing evidence).

Furthermore, Austin has not shown that the state court's determination "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Merzbacher, 706 F.3d at 367. Given that there was some evidence that the sentencing court intended to impose a

consecutive sentence, this court cannot conclude that the state court's determination in this regard was unreasonable.

Defendant also argues that the magistrate judge erred in concluding that the amended sentencing order violated due process under <u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969).  In <u>Pearce</u>, the Court held that where a defendant had successfully challenged his conviction and is resentenced after a retrial, a sentencing judge may not impose a harsher sentence at resentencing unless the new sentence is based on events subsequent to the new trial. Imposition of a harsher sentence triggers a presumption of vindictiveness.

> Prudentially, the Supreme Court's purpose in fashioning the presumption in <u>Pearce</u> was to protect a defendant's right to appeal his conviction against the chill of a vindictive tribunal.  The Court captured the notion of vindictiveness in the discrete occurrence of a reversal on appeal prompting the lower court to punish the defendant.  Vindictiveness does not exist in a vacuum.  As a matter of logic, vindictiveness becomes a danger only where an event prods the sentencing court into a posture of self-vindication.  Absent a triggering event, the court will not presume vindictiveness.

<u>Kindred v. Spears</u>, 894 F.2d 1477, 1479-80 (5th Cir. 1990).

In evaluating claims under <u>Pearce</u>, courts have acknowledged "that a defendant must demonstrate the existence of two factual predicates to earn the Pearce <u>presumption</u>; (i)

10

reversal by a higher tribunal and (ii) imposition of a harsher sentence below." <u>Kindred v. Spears</u>, 894 F.2d 1477, 1479 (5th Cir. 1990).

In this case, nothing occurred to trigger the presumption of vindictiveness. Significantly, this case came back to the attention of the sentencing judge when Austin filed a motion to correct his sentence pursuant to West Virginia Rule of Criminal Procedure 35(a). That motion was directed to the sentencing judge, not a higher tribunal. Afterwards, while his Rule 35 motion remained pending, Austin filed a petition for writ of mandamus with the West Virginia Supreme Court of Appeals. The amended sentencing order was issued prior to the higher court ruling on the mandamus petition. Accordingly, there was no reversal or similar event "prod[ding] the sentencing court into a posture of self-vindication." <u>See</u> <u>Texas v. McCullough</u>, 475 U.S. 134, 139 (1986) (<u>Pearce</u> presumption is inappropriate if there is "no realistic motive for vindictive sentencing."); <u>United States v. Cataldo</u>, 832 F.2d 869, 874 (5th Cir. 1987)(<u>Pearce</u> presumption of vindictiveness does not apply where sentencing court was not reversed or corrected by another court and did not have to retry case); <u>Rolling v. Grammar</u>, 665 F. Supp. 780, 783 (D. Neb. 1987) ("[T]he prophylactic <u>Pearce</u> rule did not apply because there was no realistic motive for vindictive sentencing.") (internal

quotations and citation omitted).  For this reason, the presumption of vindictiveness was not triggered in this case.[*]

For the foregoing reasons, the court **SUSTAINS** defendant's objections, **DENIES** plaintiff's petition under 28 U.S.C. § 2254, **DISMISSES** this case, and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

---

[*] Even if the presumption of vindictiveness did apply, it may be overcome if harsher sentence upon resentencing was necessary to execute original sentencing intent.  See United States v. Cataldo, 832 F.2d 869, 875 (5th Cir. 1987).

12

IT IS SO ORDERED this 29th day of March, 2013.

ENTER:

David A. Faber
Senior United States District Judge